**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-_____

MILE HIGH REAL ESTATE, LLC, a Colorado limited liability company,

    Plaintiff,

v.

SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation,

    Defendant.

_____

**NOTICE OF REMOVAL**
_____

Under 28 U.S.C.S. §§ 1332, 1441, and 1446, Defendant, Sentinel Insurance Company, Ltd., by and through its counsel, L. Michael Brooks, Jr. of Wells, Anderson & Race, LLC, files this Notice of Removal of this civil action from the District Court of Jefferson County, Colorado to the United States District Court for the District of Colorado. Copies of all pleadings are filed with this Notice under 28 U.S.C.S. § 1446(a). As grounds for removal, Sentinel states:

**I.     INTRODUCTION**

1.    On May 8, 2019, Plaintiff, Mile High Real Estate, LLC, commenced an action in the District Court for Jefferson County, Colorado, titled *Mile High Real Estate, LLC v. Sentinel Insurance Co., Ltd.*, Case No. 2019CV30737.

2.    This is an action for breach of contract. Mile High claims that Sentinel breached its duty to compensate Mile High for damages resulting from a hailstorm under an insurance policy. (**Ex. A**, Compl. ¶¶ 40-43.)

3. Mile High's Complaint does not identify a monetary amount of damages it is seeking against Sentinel. However, the Complaint does state that Mile High "submitted a Sworn Proof of Loss identifying over $115,000 in damage to its business personal property and over $320,000 in damage due to the loss of business income," and that Sentinel "refused to cover any business interruption damages suffered by Mile High as a result of the Storm." (**Ex. A**, Compl. ¶¶ 30, 35.)

4. In its District Court Civil Case Cover Sheet filed with Mile High's Complaint in the Jefferson County District Court, Mile High's counsel stated that: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." (**Ex. B**, District Court Civil Case Cover Sheet at 2.) As set forth below, federal diversity jurisdiction may be exercised in this case because there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000. *See* 28 U.S.C.S. § 1332(a)(1).

II. **COMPLIANCE WITH STATE COURT RULES AND DEADLINES**

5. Sentinel has satisfied all procedural requirements related to the removal of this action.

6. On July 23, 2019, Mile High served its Summons and Complaint on the Colorado Division of Insurance, as Sentinel's agent for service under Colo. Rev. Stat. § 10-3-107 (2019). (**Ex. C**, Return of Service.) This Notice of Removal is timely filed under 28 U.S.C.S. § 1446, having been filed within 30 days after July 23, 2019.

7. Under 28 U.S.C.S. § 1441(d), the United States District Court for the District

of Colorado is the appropriate court for filing a Notice of Removal from the District Court for Jefferson County, Colorado, where this action is pending.

### III. DIVERSITY JURISDICTION

8. This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C.S. § 1332 because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551 (2014).

**A. Complete Diversity of Citizenship Exists Under 28 U.S.C.S. § 1332(a)(1).**

10. To meet the diversity requirement for federal jurisdiction, there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

11. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.S. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

12. Sentinel is a Connecticut corporation with its principal place of business in Connecticut. (*See* **Ex. A**, Compl. ¶ 3; *see also* **Ex. D**, Sentinel Insurance Co., Ltd.'s

Articles of Merger.) Sentinel's Corporate Disclosure Statement, filed herewith, also confirms this information.

13. "Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs [limited liability companies], the consensus in this District . . . is that an LLC . . . is deemed to be a citizen of all of the states of which its members are citizens." *See Gabler v. HA Housing, LP*, No. 12-CV-02671-PAB-KMT, 2012 WL 4856734, at *2 (D. Colo. Oct. 12, 2012).

14. Mile High is a Colorado limited liability company with its principal place of business in Colorado. (**Ex. A**, Compl. ¶ 2; *see also* **Ex. E**, Mile High Articles of Organization.) Mile High's Complaint lists its address as 8425 Park Meadows Center Drive, Suite A105, Lone Tree, CO 80124. (*See* **Ex. A**, Compl.)

15. In an examination under oath undertaken in connection with the insurance claim that is the subject of this civil action, Mile High's Managing Broker, Marilee Thomson, testified that Mile High is a limited liability company and that its sole member is Robin White. **Ex. F**, Examination Under Oath of Marilee Thomson, Aug. 22, 2018, at 9:7 to 10:6.) According to Mile High's Articles of Organization and most recent Periodic Report, Robin White is a Colorado resident. (**Ex. E**, Mile High Articles of Organization; **Ex. G**, Mile High Periodic Report of May 23, 2018.)

16. Based on Ms. Thompson's testimony, Mile High has no owners other than Mr. White. And, there is no indication that any owner or member of Mile High is a resident of Connecticut, Sentinel's state of incorporation and its principal place of business.

17. Accordingly, there is complete diversity of citizenship between the parties, as Mile High and Sentinel are citizens of different states.

**B.     The Amount in Controversy Exceeds $75,000 Under 28 U.S.C.S. § 1332(a).**

18. While not waiving Sentinel's right to contest the issue, diversity jurisdiction exists under 28 U.S.C.S. § 1332(a) because Mile High seeks a monetary judgment well in excess of the $75,000 minimum amount in controversy requirement.

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C.S. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21. When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 550. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . .

other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.S. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceeding, or in responses to discovery, shall be treated as an "other paper." 28 U.S.C.S. § 1446(c)(3)(A).

22. In this case, Mile High admits that the amount in controversy is greater than the jurisdictional threshold of $75,000. Mile High's Complaint states that Mile High "submitted a Sworn Proof of Loss identifying over $115,000 in damage to its business personal property and over $320,000 in damage due to the loss of business income," and that Sentinel "refused to cover any business interruption damages suffered by Mile High as a result of the Storm." (**Ex. A**, Compl. ¶¶ 30, 35.) This is the basis of Mile High's claims against Sentinel in the lawsuit. Thus, the Complaint, itself, demonstrates that the amount in controversy is well over $75,000.

23. Also, Mile High filed a District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint. In that filing, which is signed by Mile High counsel, Mile High checked a box indicating that "[t]his party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (**Ex. B**, Civil Case Cover Sheet at 2.)

24. In *Paros Properties LLC v. Colorado Casualty Insurance Co.*, 835 F.3d 1264 (10th Cir. 2016), the United States Court of Appeals for the Tenth Circuit held that a Colorado state court civil case cover sheet substantially identical to the one Mile High filed in this case (**Ex. B**) is "properly considered an 'other paper' under 28 U.S.C.S. §

1446(b)(3)," *id.* at 1271, and "its content provides adequate notice to a defendant that the plaintiff is seeking an amount greater than the jurisdictional threshold for federal diversity jurisdiction," *id.* at 1272. Crediting the late Judge Figa's decision in *Henderson v. Target Stores, Inc.*, 431 F.Supp.2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an "other paper" that put the defendant on notice that the amount in controversy exceeded $75,000), the Tenth Circuit said, "[t]here is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)." *Id.* at 1272-73.

25. Under *Paros*, therefore, the Civil Case Cover Sheet establishes that the amount in controversy is greater than $75,000.

26. For the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C.S. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship as between the parties and because the minimum amount in controversy requirement has been satisfied.

27. Under 28 U.S.C.S. § 1446(a), copies of all "process, pleadings and orders" served upon Twin City are filed herewith.

28. Under 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court in and for the Jefferson County, Colorado. A copy of this Notice of Removal has been served on Mile High's counsel, as indicated on the attached certificate of service.

**WHEREFORE**, Defendant, Sentinel Insurance Company, Ltd. hereby removes this action from the District Court of Jefferson County o, Colorado, to the United States District Court for the District of Colorado.

Dated this 22nd day of August, 2019.

    Respectfully submitted,

    **WELLS, ANDERSON & RACE, LLC**

    *S/ L. Michael Brooks, Jr.*
    _____
    L. Michael Brooks, Jr.
    1700 Broadway, Suite 1020
    Denver, CO  80290
    Telephone: (303) 830-1212
    E-Mail:  mbrooks@warllc.com
    *Attorney for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and served via CF/ECF, addressed to the following:

    Wes P. Wollenweber
    Lisa S. Greenberg
    Gravely Pearson Wollenweber
    Freedman, LLC
    200 Union Blvd, Suite 200
    Lakewood, CO 80228

    *S/ Karen M. Zajac*
    _____
    Karen M. Zajac, Legal Assistant
    On Behalf of L. Michael Brooks, Jr.